

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| PAMELA S. BEUSTRING, | ) | CASE NO. 13-34344-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has considered the "Second and Final Application of Chapter 7 Trustee's Counsel for Allowance of Compensation from January 1, 2014 Through July 31, 2014" (Docket No. 87). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Pamela S. Beustring ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 16, 2013. Eva S. Engelhart ("Trustee") is the Chapter 7 Trustee.

On August 19, 2013, Trustee filed an application to employ Porter Hedges LLP ("Applicant") as Trustee's counsel, "to assist the Trustee in liquidating the estate's assets, administering such assets, filing claim objections and evaluating

potential claims of the estate."  (Docket No. 17).  The application was granted, by order entered on September 12, 2013.  (Docket No. 23).

On January 30, 2014, Applicant filed its first and final fee application.  In the first and final fee application, Applicant billed for services during the period from July 30, 2013 through December 31, 2013.  The services covered under the first and final fee application were primarily devoted to assisting Trustee with negotiation of a settlement and sale transaction in which Debtor's interest in real property was sold to Debtor's spouse, in an amount Trustee asserted was sufficient to pay all unsecured claims in full.  (Docket No. 70).

The court granted Applicant's first and final fee application, by order entered on February 26, 2014.  The order allowed final compensation of $14,773.29.  The order authorized Trustee to pay the final fee.  The order, which was prepared by Applicant, also provided:  "Porter Hedges LLP is discharged as counsel to the Trustee."  (Docket No. 74).

In the instant application, which Applicant dubs its "Second and Final" application, Applicant seeks allowance of $3,780 in fees and $51.95 in expenses.  In the narrative description of Applicant's services in the instant application, Applicant does not identify what services it rendered with respect to the instant application.  Applicant states that

2

Debtor's counsel filed an amended mailing matrix, and that Trustee served a notice of a re-set meeting of creditors. (Docket No. 87).

At the hearing on the instant application, Applicant argued that almost all the time in the instant application is for services related to the notice issue.

The time records attached to the instant application reflect that Applicant billed 0.5 hour of attorney time for drafting of a motion for emergency consideration of an interim distribution motion. The time records reflect that Applicant billed 9.9 hours of paralegal time for preparing the first and final fee application. The time records reflect that Applicant billed 1.6 hours of attorney time for addressing a claim objection. The time records reflect that Applicant billed 3.2 hours of attorney time for addressing the notice issue. The time records reflect that Applicant billed 0.9 hour of attorney time for attending the reset 341 meeting. The time records reflect that Applicant billed 1.4 hours of attorney time for general case administration.

## Conclusions of Law

Section 330(a)(1) of the Bankruptcy Code provides that the court may award to a professional person employed under Section 327 reasonable compensation for actual, necessary services, and reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

In determining the amount of reasonable compensation, the court shall consider the nature, extent, and value of the services, taking into account all relevant factors, including:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The court shall not allow compensation for unnecessary duplication of services, or services that were not reasonably likely to benefit the debtor's estate, or necessary to the administration of the case.  11 U.S.C. § 330(a)(4)(A).

In <u>Matter of Evangeline Refining Co.</u>, 890 F.2d 1312 (5th Cir. 1989), the Fifth Circuit held that the law of the case doctrine does not apply to an interim fee award, but does apply to a final fee award.

In the instant case, Applicant filed a final fee

application, and submitted an order (which was then entered) discharging Applicant as Trustee's counsel. In the instant application, Applicant is seeking $1,930.50 for preparing the previous fee application, and an additional $1,000 in fees for preparing the instant application. The services with respect to the first application are barred by the law of the case doctrine. The services with respect to the instant application are unnecessary and duplicative of those with respect to the first application. The court concludes that the fees with respect to preparation of fee applications should be denied.

With respect to the time related to the notice issue, Applicant has not demonstrated that the services of counsel were of benefit to the estate, or reasonably necessary to the administration of the case. The mere provision of a notice of the meeting of creditors is generally a ministerial task, which a competent Trustee should be capable of doing without the assistance of counsel.

The remainder of the time appears to be for actual, necessary services. The court concludes that fees should be allowed in the amount of $1,242.50, and expenses should be allowed in the amount of $51.95.

Signed at Houston, Texas on October 31, 2014.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE